IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RICKYE HENDERSON** | § | |
| | § | |
| **V.** | § | A-17-CV-436- LY |
| | § | |
| **DAVID BUTTROSS, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Rickye Henderson's Application to Proceed *In Forma Pauperis* (Dkt. No. 2) and Financial Affidavit in Support, along with his Complaint (Dkt. No. 1) and Amended Complaint (Dkt. No. 3). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing Henderson's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Henderson *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Henderson is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs

of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Henderson's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Henderson has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There are two basic types of jurisdiction: diversity and federal question. Diversity jurisdiction requires (1) that "the matter in controversy exceed[ ] the sum or value of $75,000" (i.e., the amount of money the plaintiff is seeking) and (2) that the case be between, among other things, "citizens of different states." 28 U.S.C. § 1332. By contrast, federal question jurisdiction requires that the case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If the court does not have subject matter jurisdiction, it must dismiss the case. Moreover, "the court has an affirmative duty to raise [ ] issues regarding subject matter jurisdiction, sua sponte, whenever a problem with subject matter jurisdiction is perceived." *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 39 F.3d 650, 652 n.1 (5th Cir. 2005)); *Tex. Div., Sons of Confederate Veterans v. Vandergiff*, 759 F.3d 388, 392 (5th Cir. 2014) rev'd on other grounds, 135 S. Ct. 2236 (2015) ("Neither party has argued that this court lacks jurisdiction, but federal courts have a duty to consider their subject matter jurisdiction sua sponte."). A pro se plaintiff's mere assertion of a federal statute, which clearly does not apply, is insufficient to invoke federal question jurisdiction. *See, e.g.*, *Lopez v. Kora*, 3:12-CV-0510-M BK, 2012 WL 1242376, at *2 (N.D. Tex. Mar. 12, 2012) (dismissing sua sponte a pro se plaintiff's case for lack of subject matter jurisdiction because the federal statutes cited

3

did not provide a cause of action that applied to the plaintiff's claims), report and recommendation adopted, 3:12-CV-0510-M BK, 2012 WL 1242341 (N.D. Tex. Apr. 12, 2012).

In this case, Henderson cannot establish diversity jurisdiction as he has pled that both he and the defendants are residents of Texas. *See McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). In order to establish diversity jurisdiction, 28 U.S.C. § 1332 requires complete diversity of citizenship, that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). As the parties are not diverse, this Court cannot exercise diversity jurisdiction.

Accordingly, Henderson must establish that this Court has federal question jurisdiction. Here, Henderson makes a claim under 42 U.S.C. § 1983. All other claims in his complaint are based on Texas state law,[1] and thus cannot provide jurisdiction. The Court therefore must assess whether Henderson properly alleges a claim under § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). To state a claim under § 1983, a "plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 533 F.3d 871, 874 (5th Cir. 2000).

Henderson has failed to allege a valid claim under Section 1983 as none of the defendants were acting under color of state law. While it is not required that any of the defendants be state

---

[1] Henderson's claims under Texas law include: Breach of contract, money had and received, tortious interference with prospective contract, violation of the Texas Deceptive Trade Practices Act, statutory fraud, Texas Theft Liability Act violations, and violations of usury laws.

actors, they must be "willful participant[s] in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting [] 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). A claim under § 1983 therefore requires that the defendants be acting jointly with at least one state actor. In his Complaint, Henderson alleges that:

> DAVID ANTHONY INC., conspired with Youseff Lahlou to produce false financial documents, conspired with Albert Heinrich to authenticate and file fake documents with a government entity, conspired with Jessica Rangel to notarize a known falsified document at David Buttross's authority.

Dkt. No. 3 at 3. Other than the fact that documents were allegedly filed with a government entity, Henderson alleges no involvement by a state actor such that would constitute joint action. In fact, Henderson stated in his complaint that each of the defendants were "private individuals." *Id.* at 1. Filing or notarizing fake documents—without evidence that the state actor knowingly participated—is insufficient to allege state action as required under § 1983.

Moreover, even were Henderson to show that any of the above were acting under color of state law, he has failed to allege a constitutional violation. Here, he claims that Buttross and David Anthony Inc. violated his "right to liberty, property, and due process protected under the Fourteenth, fifth and seventh amendment." Dkt. No. 3 at 4. However, the actions alleged—namely foreclosure, breach of contract, and falsification of documents—are not constitutional violations, and cannot support a § 1983 claim. Henderson provided only that David Anthony Inc. and Buttross (both private individuals) "signed agreements, made agreements, [and] breached agreements" to deprive him of his rights. Dkt. No. 3 at 3. None of these actions would rise to the level of a constitutional

5

violation. As Henderson does not state a claim under § 1983, this Court is without subject matter jurisdiction, and his claims should be dismissed.

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Henderson *in forma pauperis* status (Dkt. No. 2). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court **DISMISS** Henderson's claims for lack of subject-matter jurisdiction.

### III.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of June, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE